FILED
 2006 Feb-13  PM 03:36
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SHELIA ANDERSON BETTS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    CV 06-B-0103-S |
| | ) |
| **SPRINGER TRUCKING COMPANY,** | ) |
| **INC.; DAVID FRANK ELLZEY;** | ) |
| **NATIONWIDE MUTUAL FIRE** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

This case is presently before the court on plaintiff's Response to Defendant's [sic] Notice of Removal and Request for Remand to State Court.  (Doc. 8.)  For the reasons set forth below, plaintiff's Request for Remand will be denied.

Plaintiff contends, "There is a total lack of diversity in this matter!" (*Id*. ¶ 2.)  In support of this contention, plaintiff argues,

> Defendant Nationwide Insurance and Fictitious Party "A" are both subject to Alabama State Court jurisdiction by virtue of the fact that Nationwide's contract of insurance was entered into in Alabama and the Contractual [uninsured motorist] claim against Nationwide is a contractual claim predicated on a phantom vehicle which was being driven by Fictitious Party "A", and had an Alabama license tag, and therefore was registered to some owner in the State of Alabama.  In other words, joinder of Nationwide as a party to this suit, was only by virtue of an Alabama contract and an Alabama phantom vehicle.

(*Id*.)  Plaintiff's argument is misguided.

In this Circuit –

> A defendant may remove to federal court a civil action brought in state court, provided that the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction may be based upon diversity of citizenship. *See* 28 U.S.C. § 1332. Diversity jurisdiction exists where the suit is between citizens of different states, and the amount in controversy exceeds $75,000. *Id*.

*Stephens v. State Farm Fire and Cas. Co.*, 149 Fed. Appx. 908, 909 (11th Cir. 2005).

"For purposes of removal under [§ 1441], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). Therefore, the citizenship of Fictitious Party "A" is ignored for purposes of determining whether the parties are diverse.

Also, "For purposes of § 1332, a corporation is a citizen of any state [where] it has been incorporated and of the state where it has its principal place of business." *Stephens*, 149 Fed. Appx. at 909 (citing 28 U.S.C. § 1332(c)(1)). Nationwide is an Ohio corporation with its principal place of business in Ohio. (*See* doc. 1 ¶ 7; doc. 7 at 2.) The fact that it had a contract with plaintiff may be sufficient to support personal jurisdiction over Nationwide, but it has no relevance as to whether this court has subject-matter jurisdiction over this case based on diversity.

Plaintiff is a resident of Alabama. Defendants Springer Trucking and Ellzey are Mississippi residents, and Nationwide is an Ohio resident. Therefore, the citizenship of every defendant is different than the citizenship of plaintiff. The amount in controversy exceeds $75,000. Therefore, pursuant to 28 U.S.C. § 1332, this court has subject-matter jurisdiction over this case, and plaintiff's Request for Remand is due to be and hereby is **DENIED**.

**DONE**, this 13th day of February, 2006.

_____
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE